## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
## WINSTON SALEM DIVISION

| | | |
|---|---|---|
| **MARC LABELLE AND** | ) | |
| **STICK SONGS, LLC, p/k/a** | ) | |
| **DIRTY HONEY** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.: 1:21-cv-471** |
| | ) | |
| **v.** | ) | |
| | ) | **JURY DEMAND** |
| **MAHLON RAY DOBBINS,** | ) | |
| **a/k/a MAHLON MURDER,** | ) | |
| **ANTHONY NEWSOME, AND** | ) | |
| **NATHAN CRANFORD, performing as** | ) | |
| **"DIRTY HONEY"** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## COMPLAINT

---

Plaintiffs Marc Labelle and Stick Songs, LLC p/k/a "Dirty Honey" ("Plaintiffs") hereby files this Complaint for Damages and Injunctive Relief against Defendants Mahlon Ray Dobbins a/k/a Mahlon Murder, Anthony Newsome, and Nathan Cranford performing as Dirty Honey ("Defendants"), and for its causes of action alleges as follows:

### NATURE OF CASE

1.      This is an action for willful trademark infringement of Plaintiffs' original, trademarked band name, "Dirty Honey" by Defendants who have willfully infringed upon and blatantly disregarded the exclusive rights granted to Dirty Honey which are vested in Dirty Honey as the trademark owner and rightfully designee of the name Dirty Honey.

1

2.     Plaintiffs own the exclusive United States trademark for the name "Dirty Honey". The trademark was duly registered with the United States Patent and Trademark office on November 19, 2019 by Marc Labelle, the lead singer and member of Dirty Honey (U.S. Registration # 5914353)(Serial # Number 88419207), after it was published for Opposition on September 3, 2019 and no oppositions were filed by any person or entity. (Exhibit A: Dirty Honey Trademark).

3.     The trademark for Dirty Honey was filed under International Class 41 for "Entertainment Services in the nature of live musical performances." Defendants did not file any opposition to the trademark. (Exhibit A). The trademarked name is owned by Marc Labelle and licensed to Stick Songs, LLC p/k/a Dirty Honey.

4.     Plaintiff Dirty Honey is a rock and roll band formed in Los Angeles, California. Plaintiff has achieved international fame and recognition for its musical recordings and entertaining live shows. Plaintiff has topped the charts and toured nationally and internationally.

5.     Plaintiffs' trademarked name is built on the recognition of the entertainment product they offer and has built its brand through producing chart-topping recordings and playing live shows across the world, including in North Carolina. Plaintiffs' trademarked name is synonymous with the rock and roll music they perform and the entertaining shows in which they perform. The trademarked name is important as it allows consumers to identify Plaintiff and engage with their entertainment products.

6.     Defendants are part of a local band formed and upon information and belief playing local to the Winston-Salem, North Carolina area. Defendants are infringing upon the name "Dirty Honey" by promoting its music and performances online. Defendants are willfully creating a likelihood of confusion by promoting live performances that are actually the Plaintiffs'

2

band, Dirty Honey, claiming that it is Defendants band, Dirty Honey.  Defendants continue this willful conduct despite full knowledge of Plaintiffs' valid and registered trademark.

7.      Upon information and belief, Defendants utilize the internet to promote and advertise its music.  In addition, upon information and belief, Defendants are willfully attempting to cause confusion among music fans and the public by using the name Dirty Honey.

## JURISDICTION AND VENUE

8.      This Court has original and exclusive jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 15 U.S.C. § 1121 as the controversy arises under the Lanham Act, 15 U.S.C. § 1051 *et seq.*

9.      This Court has personal jurisdiction over Defendants as discussed fully herein.

10.     This Court has general and specific personal jurisdiction over Defendants because upon information and belief, Defendants can generally be found at home in the Middle District of North Carolina as all Defendants are residence of the Middle District of North Carolina.  In addition, Defendants have specific contacts with the Middle District of North Carolina and have infringed upon Plaintiffs' federally protected and registered trademark here in the Middle District of North Carolina.

11.     Defendants purport to perform as a rock and roll band under Plaintiffs' trademarked name and list themselves as a band that "hails from Winston-Salem."  (Exhibit B). This specific advertisement to consumers of the State of North Carolina creates confusion and is an attempt to usurp Plaintiffs' goodwill, recognition and income related to the name Dirty Honey.

12.     Additionally, Defendants' online music distribution, promotion, and advertising aims to reach consumers in the State of North Carolina and the Middle District of North Carolina. There is substantial likelihood of confusion in the State of North Carolina and the Middle District

3

of North Carolina if Defendant continues to infringe on Plaintiffs' trademarked name. As a result, there is significant harm caused by Defendant's actions and there is substantial likelihood of confusion to Plaintiffs.

13.     Defendants purposely availed themselves to the privilege of conducting business in North Carolina. Defendants offer, market, and promote their products through various websites to consumers located in North Carolina. The risk of consumer confusion is great in North Carolina.

14.     Defendants are attempting to confuse the public by utilizing internet services to promote and advertise music and performances while using Plaintiffs' trademarked name.

15.     Defendants have been put on notice of the illegal infringement of Plaintiffs' trademark but have nonetheless continue to infringe Plaintiffs' trademark in the Middle District of North Carolina.

16.     Venue is proper in the Middle District of North Carolina pursuant to 28 U.S.C. §1391, as a substantial part of events giving rise to this case occurred in the Middle District of North Carolina.

## **PARTIES**

17.     Plaintiff Marc LaBelle is an individual who is a citizen of Los Angeles, California.

18.     Plaintiff Stick Songs, LLC professionally known as ("p/k/a") Dirty Honey (hereinafter referred to as "Plaintiff" or "Dirty Honey") is a California limited liability company with its principal place of business located at 13273 Fiji Way, #227, Marina Del Ray, California. Plaintiff has a substantial history of promoting and distributing music and performing shows throughout the United States, including in North Carolina.

4

19.     Defendant Anthony Newsome ("Newsome") is an individual who is a citizen of Yadkinville, North Carolina.

20.     Defendant Mahlon Ray Dobbins a/k/a Mahlon Murder ("Dobbins") is upon information and belief a resident of Yadkinville, North Carolina.

21.     Defendant Nathan Cranford ("Cranford") is upon information and belief a resident of Yadkinville, North Carolina.

22.      Collectively, Newsome, Dobbins and Cranford ("Defendants") performed as a band named Dirty Honey based out of Winston-Salem, North Carolina until they abandoned the name in 2018.  (Exhibit C: Facebook Post).

23.     Upon information, Defendants are an unincorporated and unregistered band.  Its members have never had a valid trademark for in the name Dirty Honey and any use of the name Dirty honey was abandoned in 2018.

## STATEMENT OF FACTS

24.     Plaintiffs are a rock and roll band founded in 2017. Since forming, Plaintiff has quickly achieved fame, including international recognition and worldwide tours.

25.     Prior to forming the band and while searching for a name, Plaintiff LaBelle conducted an intensive nationwide search through numerous means, including searching the USPTO site and numerous popular social media sites for any similar or identical names.  Plaintiff Labelle found nothing similar and decided he would begin performing under the name "Dirty Honey".  Plaintiff LaBelle began performing under the name Dirty Honey in or around 2015.

26.     Plaintiffs' single "When I'm Gone" topped the *Billboard* Mainstream Rock Songs. Their second single "Rolling 7s" peaked at #3 on the *Billboard* Mainstream Rock Songs. Plaintiffs' music and performances are widely available across all of the popular streaming and

5

download platforms and is often featured on select playlists, radio charts, streaming charts and popular online platforms. Plaintiffs have been featured in *Rolling Stone*, *Billboard, Guitar World, Screamer Magazine, Loudwire, Consequence of Sound, Louder, Side Stage Magazine*, among many others.

27. Prior to the COVID-19 Pandemic, Plaintiffs toured the world to perform for consumers everywhere.

28. Plaintiffs current single "California Dreamin" has reached #13 on the *Billboard* Mainstream Rock Songs.

29. Plaintiffs are now embarking on a nationwide tour of the United States to support the release of their critically applauded 2021 album titled "Dirty Honey."

30. Plaintiffs are scheduled to perform at PNC Music Pavilion in Charlotte, North Carolina on September 10, 2021 and in Raleigh, North Carolina at Coastal Credit Union Music Park on September 11, 2021.

31. Plaintiffs' trademarked name is significant to identify their music and performances to existing fans and consumers, as well as to gain more recognition from all consumers and potential fans.

32. In 2019, to safeguard their name the recognition with which it is synonymous, Plaintiff filed for an application to trademark the name "Dirty Honey." (Exhibit A).

33. Plaintiffs own the exclusive United States trademark and the common law rights for the name "Dirty Honey". The trademark was duly registered with the United States Patent and Trademark Office on November 19, 2019 by Marc Labelle, the lead singer and member of Dirty Honey (U.S. Registration # 5914353) (Serial # Number 88419207), after it was published for Opposition on September 3, 2019 and no oppositions were filed by any person or entity.

Case 1:21-cv-00471   Document 1   Filed 06/10/21   Page 6 of 18

## Background of Defendants and the Infringing Name

34.     Defendants are part of a rock and roll band playing a similar style of music to that of Plaintiffs. Defendants are based in Winston-Salem, North Carolina, and upon information and belief, only actually perform locally in the Winston-Salem area.  Defendants use the name Dirty Honey to intentionally create confusion with Plaintiffs' trademarked name, Dirty Honey.

35.     Upon information and belief Defendants' band played under the name "Dirty Honey" at different times over the years, but has no registered trademark and has not significantly used the name in commerce.

36.     In 2018, Defendants publicly announced its abandonment of the name "Dirty Honey," but are now attempting to re-use the name by promoting musical recordings and performances under the name Dirty Honey.  (Exhibit C).

## The Likelihood of Confusion Between the Bands

37.     Plaintiffs, performing under the federally registered and trademarked name "Dirty Honey", are an internationally acclaimed band that has toured the world promoting its music.

38.     Plaintiffs have sold their music to consumers all over the world, including consumers in North Carolina.

39.     Plaintiffs regularly promote their music on social media, including on Facebook and Instagram.  Plaintiffs have tens of thousands of followers on its social media sites and own the rights to the name on sites such as facebook and Instagram.

40.     Defendants ceased using the band name Dirty Honey in 2018.  They abandoned the name and did not post any significant updates on its Facebook from April 2016 until December 2019, after Plaintiffs registered its trademark and after the trademark was published for opposition.   (Exhibit E: Defendant Facebook site).

7

41.     Upon information and belief, Defendants have never applied to register the name Dirty Honey as a trademark or service mark.

42.     After a length of abandonment, Defendants have attempted to re-assert use of the name Dirty Honey despite knowledge of Plaintiffs' duly registered trademark.

43.     Defendants continue to promote and create confusion of Plaintiffs' registered and valid trademark.

44.     Defendants have intentionally created confusion by continuing to promote their Reverb Nation site which lists the touring dates that actually belong to Plaintiffs' band, Dirty Honey, including prior dates from North Carolina.  (Exhibit D: Facebook postings).

45.     There is a substantial likelihood of confusion between the two band names as any consumer searching for music online and attempting to stream or download music or even attend live musical performances may be confused as to which band is actually releasing or performing the music.

## Discovery of The Infringing Name and Abandonment by Defendants

46.     On February 11, 2020 Defendants, through counsel, sent to Plaintiff a letter alleging it owned the name "Dirty Honey." Defendants further alleged to be the first user of the name and, therefore, to be entitled to ownership. Defendants claimed Plaintiffs' registered trademark to be invalid and ordered Plaintiffs cease and desist all use of the name "Dirty Honey."

47.     Upon investigating, Plaintiffs first discovered Defendants were a rock and roll band also playing under the name "Dirty Honey" solely in the Winston-Salem, North Carolina area.

48.     Plaintiffs further discovered that as of December 23, 2018, Defendants had ceased operations and abandoned the name "Dirty Honey."  (Exhibit B: Facebook Post).

49.     There was no continued use of the name by Defendant during the time period Plaintiffs used the name and when Plaintiffs obtained the trademark to the band name Dirty Honey.

50.     Defendants did not post any significant activity on their Facebook account from April 16, 2016 until December 7, 2019, other than announcing they had abandoned the name "Dirty Honey". (Exhibit E: Facebook Posts) (Exhibit A). On December 7, 2019, after Plaintiffs' trademark was duly registered and published for opposition, with no opposition, Defendants willfully and defiantly announced publicly it would continue to play, perform, and promote under the name "Dirty Honey" despite having knowledge that Plaintiffs were the trademark owner. (Exhibit E).

51.     Defendants continue to infringe on Plaintiffs' trademarked name, including promoting music and advertising shows online.

52.     On April 17, 2020, Plaintiffs sent to Defendants, through counsel, notice of its properly registered trademark for the name Dirty Honey. Plaintiffs further advised Defendants of its intent to enforce those rights associated with being the legal owner of the trademarked name and requested Defendants cease and desist all infringing activities.

53.     Despite Plaintiffs asking Defendants to respond, Defendants refused to respond. Defendants did not respond to Plaintiffs'.

### Defendants' Improper and Meritless Petition for Cancellation

54.     On March 13, 2021, without responding to Plaintiffs' letter and over a year and a half after Plaintiffs' trademark was published for opposition, and without filing an opposition, Defendant Newsome filed a Petition for Cancellation with the USPTO. (Exhibit F: Petition for Cancellation).

55. The Petition for Cancellation acknowledges there is a likelihood of confusion between Plaintiffs' trademark and the Defendants use of the name "Dirty Honey". (Exhibit F).

56. Defendants are aware of Plaintiffs name and the reputation, acclaim, and notoriety and are fully aware of Plaintiffs valid trademark with which it is associated and are further aware of the infringement due to the notice expressly given by Plaintiffs.

57. In using the same name, Defendants seek to mislead consumers and its deliberate, willingness to do so will likely succeed in causing confusion to consumers.

58. The continued use of both names will cause confusion to consumers and may also cause confusion to promotors, agents, royalty providers as to which band is playing on tour dates and which band may be owed royalties and other income from performances and recordings.

59. Defendants' use of the trademarked name will continue to confuse consumers, which will have a significant effect on Plaintiffs' reputation. Defendants' continued infringement on Plaintiffs' trademarked name will cause a loss of business and damage to Plaintiffs.

60. Defendants' actions are a direct and willful attempt to create confusion to consumers of the State of North Carolina and across the county to create confusion and is an attempt to usurp Plaintiffs' goodwill, recognition and income related to the name Dirty Honey.

61. Through this action, Plaintiffs seek damages, injunctive relief requiring Defendants to take down and remove the use of the name Dirty Honey in any commercial activity and cease using the name Dirty Honey, and a declaratory judgment that Plaintiffs' trademark is valid and that Plaintiffs' are the rightful owners of the name "Dirty Honey" and any continued use by Defendants will constitute infringement.

## **FIRST CAUSE OF ACTION**

**(Federal Trademark Infringement)**

62.    Plaintiffs repeat and incorporate the allegations set forth in each of the preceding paragraphs as if fully set forth herein.

63.    Plaintiffs own all right, title, and interest in the federal trademark of the name "Dirty Honey," which it has continually used in commerce since 2017.

64.    Defendants have made use of the same name without Plaintiffs' consent.

65.    Defendants' use of the same name is likely to deceive and cause confusion in the minds of consumers and others.

66.    Trademark infringement is clear as there is a strong "likelihood of confusion" based upon the following:

   a.   The band name "Dirty Honey" is strong and instantly recognizable.

   b.   Defendants are using the same name, playing a substantially similar style of music.

   c.   Plaintiffs and Defendants both advertise, promote, and sell music online, including many of the same channels and outlets.

   d.   Plaintiffs and Defendants both purport to tour across the United States.

   e.   The facts demonstrate Defendants knew it was infringing on Plaintiffs' trademarked name and willfully continued to do so to reach additional consumers and markets.

67.    Defendants' use of the same name in commerce infringes on Plaintiffs' rights in its trademarks and violates 15 U.S.C. § 1114. Defendants' unauthorized use of the name creates an erroneous impression in the minds of consumers.

68.    Unless Defendants are enjoined and restrained from continuing its infringement, Defendants will continue to confuse consumers and Plaintiffs will continue to be injured by the

11

ongoing infringement. Plaintiffs are entitled to a preliminary and permanent injunction, provided for in 15 U.S.C. § 1116, to prevent further violation of its rights in the registered, trademarked name.

69. Pursuant to 15 U.S.C. § 1117, Plaintiffs are entitled to recover Defendants' profits and the actual damages it has sustained, as will be proven at trial. Plaintiffs are also entitled to recover costs of this action.

70. Because Defendants' misconduct is intentional and willful, Plaintiff should be awarded three times its actual damages.

71. Defendants have never actually utilized the name "Dirty Honey" outside of North Carolina. However, they have purported to cause confusion and by claiming tour dates that actually belong to Plaintiffs as their own.

72. Defendants have no recognizable right or trademark to the name "Dirty Honey" and have not suitably used the name in Commerce, despite purported confusion with Plaintiffs' rights to the name Dirty Honey.

73. To the extent Defendants ever had rights to the name Dirty Honey in the Winston-Salem, North Carolina, Area, those rights were abandoned by Defendants in 2018. Defendants even solicitated suggestions for a new name.

74. Plaintiffs believe the continuing use of the name "Dirty Honey" by Defendants will cause irreparable harm and damage to Plaintiffs that will be difficult to ascertain and Plaintiffs will be without an adequate remedy at law. As a result, Plaintiffs are entitled to an injunction requiring Defendants to cease use of the name "Dirty Honey" and actively ensure the name "Dirty Honey" is not being used in connection with musical performances, both recorded and live, in any form, whether over the internet or in tangible form.

12

75. Plaintiffs believe the continuing use of the name "Dirty Honey" by Defendants will cause irreparable harm and damage to Plaintiffs that will be difficult to ascertain and Plaintiffs will be without an adequate remedy at law. As a result, Plaintiffs are entitled to an injunction requiring Defendants to cease use of the name "Dirty Honey" and actively ensure the name "Dirty Honey" is not being used in connection with musical performances, both recorded and live, in any form, whether over the internet or in tangible form.

76. Defendants shall be required to take down and remove the use of the name Dirty Honey in any commercial activity and a declaratory judgment that Plaintiffs' trademark and any continued use by Defendants will constitute infringement.

77. Plaintiffs further seek injunctive relief, including but not limited to a court order requiring Defendants to cease use of the name "Dirty Honey" and actively ensure the name "Dirty Honey" is not being used in connection with musical performances, both recorded and live, in any form, whether over the internet or in tangible form.

78. Because Defendant's misconduct is intentional and willful, this is an exceptional case, and Plaintiffs are entitled to an award of attorney's fees under 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION

### (Common Law Trademark Infringement)

79. Plaintiffs repeat and incorporate the allegations set forth in each of the preceding paragraphs as if fully set forth herein.

80. Plaintiffs own all right, title, and interest in the common law trademarks which have been continuously used in commerce since 2017.

81. Plaintiffs have used the name in commerce across the United States by touring and promoting and selling their music online and directly to consumers across the United States.

13

82. Defendants have made use of the same name in commerce in the Winston-Salam, North Carolina area without Plaintiffs' consent.

83. Defendants have never actually utilized the name "Dirty Honey" outside of North Carolina. However, they have purported to cause confusion and by claiming tour dates that actually belong to Plaintiffs as their own.

84. Defendants have no recognizable right or trademark to the name "Dirty Honey" and have not suitably used the name in Commerce, despite purported confusion with Plaintiffs' rights to the name Dirty Honey.

85. To the extent Defendants ever had rights to the name Dirty Honey in the Winston-Salem, North Carolina, Area, those rights were abandoned by Defendants in 2018. Defendants even solicitated suggestions for a new name.

86. Defendants' use of the same name is likely to deceive and cause confusion in the minds of consumers.

87. This is a clear case of trademark infringement and there is strong "likelihood of confusion," based upon the following:

    a.    The band name "Dirty Honey" is strong and instantly recognizable.

    b.    Defendant are using the same name, playing a substantially similar style of music.

    c.    Plaintiffs and Defendants both advertise, promote, and sell music online, including many of the same channels and outlets.

    d.    Plaintiffs and Defendants both purport to tour across the United States.

14

      e.      The facts demonstrate Defendants knew it was infringing on Plaintiffs' trademarked name and willfully continued to do so to reach additional consumers and markets.

88.      Defendants' use of the same name in commerce infringes on Plaintiffs' common law trademark rights. Defendants' unauthorized use of the name creates an erroneous impression in the minds of consumers.

89.      Unless Defendants are enjoined and restrained from continuing its infringement, Defendants will continue to confuse consumers and Plaintiffs will continue to be injured by the ongoing infringement. Plaintiffs are entitled to a preliminary and permanent injunction to prevent further violation of its rights in the registered, trademarked name.

90.      Plaintiffs are entitled to recover Defendants' profits and the actual damages it sustained, as will be proven at trial Plaintiff is also entitled to recover costs of this action.

91.      Because Defendants' misconduct is intentional and willful, Plaintiffs should be awarded three times its actual damages.

92.      Plaintiffs believe the continuing use of the name "Dirty Honey" by Defendants will cause irreparable harm and damage to Plaintiffs that will be difficult to ascertain and Plaintiffs will be without an adequate remedy at law. As a result, Plaintiffs are entitled to an injunction requiring Defendants to cease use of the name "Dirty Honey" and actively ensure the name "Dirty Honey" is not being used in connection with musical performances, both recorded and live, in any form, whether over the internet or in tangible form.

93.      Defendants shall be required to take down and remove the use of the name Dirty Honey in any commercial activity and a declaratory judgment that Plaintiffs' trademark and any continued use by Defendants will constitute infringement.

94.     Plaintiffs further seek injunctive relief, including but not limited to a court order requiring Defendants to cease use of the name "Dirty Honey" and actively ensure the name "Dirty Honey" is not being used in connection with musical performances, both recorded and live, in any form, whether over the internet or in tangible form.

## THIRD CAUSE OF ACTION

### (Declaratory Judgment)

95.     Plaintiffs repeat and re-allege each of the foregoing paragraphs, as though fully set forth herein.

96.     Defendants' ongoing use of the same, trademarked name in connection with the promotion, advertisement, and distribution of Defendants' music infringes Plaintiffs' trademark.

97.     Defendants are engaged in activities that will result in further unauthorized use of Plaintiffs' trademarked name in commerce in a way that is likely to cause further confusion among consumers.

98.     There is an actual controversy between Plaintiffs and Defendants because Defendants seek to continue using the name "Dirty Honey" while Plaintiffs alleges that this use infringes its rights in the registered trademark of the same name.

99.     Plaintiffs seek a declaratory judgment under 28 U.S.C. § 2201 that Defendants' use of the name "Dirty Honey" in commerce infringes Plaintiffs' rights in its trademarked name and that further use of the name in connection with selling its products would infringe Plaintiffs' rights.

100.     Plaintiffs seek a declaratory judgment under 28 U.S.C. § 2201 that Plaintiffs are the rightful owner of the Dirty Honey name for use in any entertainment and musical endeavors, including performing recorded and live music.

16

101. Plaintiffs seek a declaratory judgment under 28 U.S.C. § 2201 that Plaintiffs are the rightful owner of the Dirty Honey name selling merchandise and products with the name Dirty Honey in the music and entertainment industry.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment and relief, as follows:

1. For judgment in favor of Plaintiffs and against Defendants;

2. For a declaration that Defendants have willfully infringed Plaintiffs' trademark in violation of the Lanham Act;

3. For a declaration that Defendants are directly, vicariously, and/or contributorily liable for trademark infringement, as applicable;

4. For actual damages pursuant to 15 U.S.C. § 1117 in the amount of Defendants' profits from the unauthorized use of Plaintiffs' trademark;

5. For an award of three times Plaintiffs' actual damages pursuant to 15 U.S.C. § 1117;

6. For injunctive relief, including but not limited to a court order requiring Defendants to cease use of the name "Dirty Honey" and actively ensure the name "Dirty Honey" is not being used in connection with musical performances, both recorded and live, in any form, whether over the internet or in tangible form.

7. For an award of the costs of this action pursuant to 15 U.S.C. § 1117;

8. For a finding that this is an "exceptional case" and an award of attorney's fees pursuant to 15 U.S.C. § 1117;

9. For preliminary and permanent injunction under 15 U.S.C. § 1116 to prevent further violation of Plaintiffs' rights in the registered trademark;

17

10.      For pre-judgment and post-judgment interest according to law, as applicable;

11.      For such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), and otherwise, Plaintiffs respectfully demands a jury trial on all issues raised in this complaint.

Dated: June   10th  , 2021.

Respectfully submitted,

*/s/ Jeffrey S. Price*
Jeffrey S. Price   (NC Bar No. 42590)
Joshua D. Wilson  (Notice of Special
Appearance to be filed)
MANIER & HEROD
1201 Demonbreun Street, Suite 900
Nashville, Tennessee 37203
Telephone:    (615) 244-0030
Facsimile:    (615) 242-4203
jprice@manierherod.com
jwilson@manierherod.com

*Attorneys for Plaintiffs*